United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                          Case No. 15-18895-jkf
Brian L Schmidt                                                 Chapter 13
       Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2   User: Randi          Page 1 of 1           Date Rcvd: Aug 17, 2016
                       Form ID: pdf900      Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 19, 2016.
db             +Brian L Schmidt,   2024 Garrison Drive,   Chester Springs, PA 19425-3875

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                          TOTAL: 0

     ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 19, 2016                               Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 17, 2016 at the address(es) listed below:
     ANDREW F GORNALL    on behalf of Creditor    PNC Bank, National Association
      agornall@kmllawgroup.com, bkgroup@kmllawgroup.com
     JOSHUA ISAAC GOLDMAN    on behalf of Creditor    PNC Bank, National Association
      bkgroup@kmllawgroup.com, bkgroup@kmllawgroup.com
     MICHAEL G. DEEGAN    on behalf of Debtor Brian L Schmidt mgdeegan@comcast.net
     ROBERT J. HOFFMAN    on behalf of Creditor    Windsor Ridge Homeowners Association
      collections@marcushoffman.com
     United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
     WILLIAM C. MILLER    ecfemails@ph13trustee.com, philaecf@gmail.com
                                                                          TOTAL: 6

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Brian L. Schmidt<br>　　　　　Debtor | CHAPTER 13 |
| PNC Bank, National Association<br>　　　　　Movant<br>vs.<br>Brian L. Schmidt<br>　　　　　Debtor | NO. 15-18895 JKF |
| William C. Miller Esq.<br>　　　　　Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by Movant on Debtor's residence is **$15,266.59**, which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | January 2016 through August 2016 at $1,789.54 |
| Suspense Balance: | $75.75 |
| Fees & Costs Relating to Motion: | $1,026.00 ($850.00 fees and $176.00 costs) |
| **Total Post-Petition Arrears** | **$15,266.59** |

2. Debtor shall cure said arrearages in the following manner;

a). Within seven (7) days of the filing of this Stipulation, Debtor shall tender a down payment of $3400.00;

b). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 plan to include the remaining post-petition arrears of **$11,866.59** along with the prepetition arrears;

c). Movant shall file an Amended or Supplemental Proof of Claim to include the remaining postpetition arrears of **$11,866.59** along with the pre-petition arrears;

d). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim;

e). Maintenance of current monthly mortgage payments to Movant thereafter.

3. Should Debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: August 4, 2016    By: /s/ Joshua I. Goldman, Esquire
Joshua I. Goldman, Esquire
Thomas Puleo, Esquire
Attorneys for Movant
KML Law Group, P.C.
Main Number: (215) 627-1322

Date: 8/9/16

Michael G. Deegan, Esquire
Attorney for Debtor

Approved by the Court this 16 day of August, 2016. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Jean K. Fitzsimon